UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Donna Boutin Real
Estate, LLC, et al.**

    **v.**                                   Case No. 08-cv-291-PB
                                                Opinion No. 2010 DNH 045

**Town of Epping, et al.**


## O R D E R

Donna Boutin Real Estate, LLC and Boutin Food Service Enterprises, Inc. (collectively "the Boutin Companies") have sued the Town of Epping, New Hampshire and its former Code Enforcement Officer, Kevin Kelley.  The defendants have moved for summary judgment.

### FACTS[1]

The Boutin Companies own and operate the Pondside Motel in Epping, New Hampshire.  Kelley conducted several inspections of the motel in February and March of 2005.  During the inspections,

---

[1] Plaintiffs did not supply their own statement of material facts, nor did they oppose the defendants' statement of facts. Accordingly, defendants' statement of material facts shall be deemed admitted. See L.R. 7.2(b)(2) ("[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party.").

Kelley identified what he claimed were numerous potential code violations.  He directed Boutin to retain several consultants to make a more detailed inspection of the property, identify potential code violations, and propose a plan to remedy the violations.

On June 8, 2006, Kelley sent the Boutin Companies a letter identifying multiple alleged code violations.  The letter also stated that a cease and desist order barring further use of the site would issue on June 30, 2006 if the code violations were not corrected.  Several extensions were later granted and an independent company was brought in to inspect the property.  By March 1, 2007, the parties had agreed that any remaining violations had been addressed to the Town's satisfaction.

## ANALYSIS

The Boutin Companies argue that their constitutional rights have been violated, but they do not identify the alleged constitutional violation with any precision.  Viewing plaintiffs' complaint generously, I understand them to assert a regulatory taking claim.  I reach this conclusion because plaintiffs' complaint is focused on their claim that defendants deprived them of "the full use and enjoyment of their property."  (Compl., Doc.

No. 1-2, at 6.)  Although plaintiffs do not explain the basis for this charge, I understand them to assert that Kelley's requirement that they retain consultants to identify and propose remedies for any code violations, coupled with his threat to shut down the motel, amounted to a regulatory taking.[2]

For a federal takings claim to be ripe for review, a plaintiff must demonstrate that two prerequisites have been met: (1) "'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue,' (the 'final decision requirement')"; and (2) "the plaintiff sought (and was denied) just compensation by means of an adequate state procedure (the 'state action requirement')." Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 91 (1st Cir. 2003) (citing Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194-95 (1985)).  In this case, plaintiffs' takings claim fails because they have failed to satisfy the state action requirement.

---

[2] Plaintiffs allege in their complaint that defendants ordered them to vacate two units in the motel. (Compl., Doc. No. 1-2, ¶¶ 17, 1, 19.)  They also allege that Kelley refused to grant  requests for permits while the dispute was pending.  (Id. at 38.)  The summary judgment briefs do not address these assertions.  Thus, I decline to consider them in my analysis.

The state action requirement mandates that if state law "'provides an adequate process for obtaining compensation, and resort to that process holds out some realistic promise of yielding just compensation,'" a plaintiff may not seek compensation in federal court without first exhausting state procedures.  Id. at 92 (quoting Gilbert v. City of Cambridge, 932 F.2d 51, 63 (1st Cir. 1991)).  New Hampshire state courts allow recovery through inverse condemnation proceedings for regulatory takings.  See, e.g., Arcidi v. Town of Rye, 150 N.H. 694, 698 (2004) ("When [inverse condemnation] occurs, the governmental body has committed an unconstitutional taking and the property owner has a cause of action for compensation"); Rowe v. Town of North Hampton, 131 N.H. 424, 430-33 (1989) (discussing New Hampshire regulatory takings proceedings).

Plaintiffs have not alleged that they sought and were denied just compensation through available state inverse and condemnation procedures, nor have they demonstrated that they are not subject to this requirement.  Accordingly, I determine that they are not entitled to maintain their federal regulatory taking claim in federal court.

Defendants assume that plaintiffs are attempting to assert either a procedural due process claim or a substantive due

process claim.  I cannot see how this is so given the fact that plaintiffs make no mention of their right to "due process" in either their complaint or in their objection to defendants' motion for summary judgment.  In any event, I agree with the defendants that the facts will not support either type of due process claim.  A procedural due process claim could not possibly succeed because plaintiffs fail to allege that they were denied a reasonable opportunity to challenge Kelley's allegedly illegal orders.  See SFW Arecibo, Ltd. v. Rodriguez, 415 F.3d 135, 140 (1st Cir. 2005) (availability of post-deprivation remedies precludes procedural due process claim).  A substantive due process claim would also fail because the facts do not suggest the kind of conscience-shocking conduct that is ordinarily necessary to support such a claim.  See J.R. v. Gloria, 593 F.3d 73, 79-80 (1st Cir. 2010).

## CONCLUSION

Defendants are entitled to summary judgment to the extent that plaintiffs assert procedural due process or substantive due process claims that are distinct from their regulatory taking claim.

Plaintiffs are not entitled to maintain a regulatory taking

claim in federal court without first exhausting available state inverse condemnation procedures.  Because Plaintiffs assert no other viable federal claims, the case is remanded to state court.

    SO ORDERED.

                                                /s/Paul Barbadoro
                                                Paul Barbadoro
                                                United States District Judge

March 11, 2010

cc:  Daniel J. Mullen, Esq.
     Robert J. Walsh, Esq.